IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| REGINALD BROWN | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE | : | NO. 09-2486 |

MEMORANDUM

Bartle, C.J.                                              July 28, 2010

       The court approves and adopts the Report and Recommendation in which the Magistrate Judge recommends that the court deny the petition of Reginald Brown for relief under 28 U.S.C. § 2254, but we do so with the following clarification.

       The petitioner, as stated correctly by the Magistrate Judge, must exhaust his state remedies before seeking relief in this federal court. 28 U.S.C. § 2254(b)(1)(A). Here, petitioner is challenging a decision of the Pennsylvania Board of Probation and Parole. Under Pennsylvania law, any appeal must first go to the Pennsylvania Commonwealth Court. Thereafter, plaintiff may seek an allowance of appeal to the Pennsylvania Supreme Court.

       In 2000, the Pennsylvania Supreme Court issued Order 218 which provided that a party who was the subject of a final order of the Pennsylvania Superior Court, an intermediate appellate court hearing both criminal an civil matters, did not have to petition the Supreme Court of Pennsylvania for an allowance of an appeal "in order to be deemed to have exhausted

all available remedies respecting a claim of error."  The Pennsylvania Supreme Court did not issue such an order for matters heard by the Commonwealth Court, a separate intermediate appellate court.  Consequently, to have exhausted one's state remedies in this situation, it is necessary to seek an allowance of an appeal to the Pennsylvania Supreme Court.  <u>Williams v. Wynder</u>, 232 Fed. App'x 177, 179-81 (3d Cir. 2007).

In this case, the order which petitioner asks this court to review is an order of the Commonwealth Court, not of the Superior Court.  Accordingly, it was necessary for him first to seek review by the Pennsylvania Supreme Court.  Unfortunately for petitioner, his request to appeal to that court was out of time, and he was denied permission to file nunc pro tunc.  He has not properly exhausted his state remedies because he is in procedural default in failing to comply with a state filing requirement.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991).  Under the circumstances, petitioner is not entitled to relief from this court.